UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DRUSCILLA BRUMFIELD; C.L.B., a minor child; and C.N.B., a minor child,<br><br>                    Plaintiffs,<br><br>   v.<br><br>THE STANDARD FIRE INSURANCE COMPANY, a foreign insurer,<br><br>                    Defendant. | NO. 2:23-CV-0341-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND |

BEFORE THE COURT is Plaintiffs' Motion to Remand (ECF No. 5). The matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion to Remand (ECF No. 5) is **DENIED**.

## BACKGROUND

This matter arises out of a roll-over automobile accident involving Plaintiff Druscilla Brumfield and her two minor children, Plaintiffs C.L.B. and C.N.B. *See*

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 1

1  ECF No. 1-3 at 3-4, ¶ 2.1.  Plaintiffs were not at fault for the collision, which
2  occurred due to their vehicle skidding on a patch of ice into a ditch.  *Id.* at 3-4, ¶¶
3  2.2.-2.3.  Plaintiffs maintained an active automobile insurance policy with
4  Defendant Standard Fire Insurance Company[1] at the time of the accident, which
5  included Personal Injury Protection ("PIP") benefits for medical treatment.  *Id.* at
6  4, ¶¶ 3.1-3.2.  Defendant denied coverage after Plaintiffs underwent independent
7  medical examinations (IMEs) which concluded that further treatment would be
8  unreasonable.  *Id.* at 6-7, ¶¶ 3.20-3.23.  Defendant also declined to renew
9  Plaintiffs' automobile insurance policy for the following term.  *Id.* at 7, ¶ 3.24.

   Plaintiffs filed suit in Spokane County Superior Court, bringing claims for
11 (1) insurance bad faith; (2) breach of fiduciary duty; (3) breach of contract; (4)
12 violation(s) of the Washington Consumer Protection Act ("CPA"); (5) violation(s)
13 of the Washington Insurance Fair Conduct Act ("IFCA"); and (6) negligence.  *Id.*
14 at 7-10.  Plaintiffs request the following relief: (1) back-payment of approximately
15 $15,129 in medical expenses; (2) treble damages under the CPA, plus reasonable

---

[1] The original complaint filed in state court names "Travelers Insurance Company, doing business as the Standard Fire Insurance Company" as the Defendant, *see* ECF No. 1-3 at 2, but the parties later stipulated that Standard Fire Insurance was the sole defendant in the action, *see* ECF No. 4.

attorney's fees and costs; (3) treble damages under IFCA, plus reasonable attorney's fees and costs; (4) all damages resulting from defendant's breach of contract; (5) economic and non-economic damages in an amount to be proven at trial; and (6) prejudgment interest on all liquidated damages. *See id.* at 7, ¶ 3.25; 9-10, ¶¶ 6.3, 7.3-8.3; 10, ¶¶ 10.1-10.6; *see also* ECF No. 5 at 2. On November 20, 2023, Defendant timely removed the action to this Court. ECF No. 1.

## DISCUSSION

Plaintiffs move to remand the case back to state court and request an award of attorney's fees for the expense incurred in bringing this motion. ECF No. 5.

### I.  Amount in Controversy

Plaintiffs' motion to remand alleges that the Court lacks subject matter jurisdiction over this action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'") (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Congress has authorized the federal district courts to exercise original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1); *see also*

28 U.S.C. § 1441(a) (authorizing removal where the court has original jurisdiction).

The parties here agree that Plaintiffs, as citizens of Washington State, and Defendant, as a foreign insurer, have satisfied the requirement of diversity, but disagree as to whether the amount in controversy exceeds the sum or value of $75,000. *See* ECF Nos. 5 at 5; 6 at 5. The "amount in controversy" refers to "all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase Co.*, 888 F.3d 413, 418 (9th Cir. 2018). When a defendant invokes federal court jurisdiction in a notice of removal, the alleged amount in controversy will be accepted so long as it is made in good faith and not "not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-88 (2014). Otherwise, the removing defendant bears the burden of proving the requisite amount in controversy by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (holding that, under the preponderance of the evidence standard, a defendant must establish it is "more likely than not" that the amount in controversy exceeds $75,000).

In evaluating whether the jurisdictional threshold has been met, the court first considers whether the amount in issue is "facially apparent" from the complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

1997).  When it is unclear from the complaint whether the amount in controversy exceeds $75,000, then the court will turn to "evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer*, 116 F.3d at 377).  Mere speculation, conjecture, or unreasonable assumptions will not support the court's exercise of subject-matter jurisdiction.  *Id*.  However, a plaintiff may avoid removal "by stipulating to amounts at issue that fall below the federal jurisdictional requirement."  *Standard Fire Ins. v. Knowles*, 568 U.S. 588, 595 (2013).  Notably, such stipulations are legally binding upon plaintiffs.  *Id.*; *see, e.g.*, *Henson v. Nat'l Gen. Ins.*, No. 3:23-cv-05842-DGE, 2023 WL 8369320, at *3 (W.D. Wash. Dec. 4, 2023) (accepting a plaintiff's post-removal affidavits averring that she would seek less than $75,000 in damages in state court but warning that she may be "judicially estopped from taking an inconsistent position" later on).

Although evidence is required where the amount in controversy is subject to reasonable dispute, the defendant's initial notice of removal need not contain more than a "plausible allegation" that the amount in controversy exceeds $75,000.  *Dart Cherokee*, 574 U.S. at 89 (also noting that "a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal") (emphasis in original); *see also Acad. of Country Music v. Cont'l Cas.*

*Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) ("[A] shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional, at least not until the movant has an opportunity to correct any perceived deficiency in the notice."). When the amount in controversy is challenged, however, both sides should submit proof to allow the court to make an accurate determination of the sum in issue. *Acad. of Country Music*, 991 F.3d at 1068 (citing *Dart Cherokee*, 574 U.S. at 88); *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969) (when relevant factual information is added later to the record, "it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits").

When pressing that the sum of damages meets the statutory minimum, a defendant may rely upon a plaintiff's claims of (1) general and specific damages, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); (2) punitive damages, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), including treble damages under the CPA, up to $25,000, *Wise v. Long*, --- F. Supp. 3d ----, No. 3:23-cv-05111-RJB, 2023 WL 2787223, at *5 (W.D. Wash. Apr. 5, 2023), and treble damages under IFCA, *Pashkovsky v. Geico Choice Ins. Co.*, No. 2:20-CV-00376-SAB, 2020 WL 7695331, at *3 (E.D. Wash. Dec. 28, 2020); and (3) contractually or statutorily-authorized attorney's fees, *McConnell v. Mothers Work, Inc.*, 479 F. Supp. 2d 1147, 1149 (E.D. Wash. 2001).

In calculating damages actions involving multiple plaintiffs, courts must remain wary of potential aggregation issues. "Aggregation has been permitted only (1) in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant and (2) in case in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris*, 394 U.S. 332, 335 (1969); *see also Gibson*, 261 F.3d at 944 (limiting aggregation to matters "where a defendant owes an obligation to a group of plaintiffs as a group and not to the individuals severally").

Bearing these principles in mind, the court turns to the substance of Defendant's allegations and Plaintiffs' arguments. In its notice of removal, Defendant discussed the fact that Plaintiffs were seeking $15,129 in medical expenses, plus treble damages under the CPA (which are capped at $25,000), and treble damages under IFCA (which would be approximately $45,387, based on the medical expenses), which would bring the grand total of damages to $70,387. ECF No. 1 at 3, ¶¶ 5-9. Defendant extrapolates that the remainder of the jurisdictional threshold of $75,000.01 will be satisfied by the economic and non-economic damages in issue, plus attorney's fees. ECF No. 6 at 6.

Plaintiffs make five general arguments in support of remand: (1) that Defendant introduced no evidence establishing the amount in controversy met the jurisdictional threshold in its notice of removal; (2) that aggregation of Plaintiffs'

claims is impermissible; (3) that Defendant's estimation of damages is too speculative; (4) that an award of attorney's fees will not count towards the amount in controversy; and (5) that remand will needlessly waste judicial resources. *See* ECF Nos. 5; 7.

Plaintiffs' first contention misconstrues the case law. *See* ECF No. 5 at 5. As the Court recited, all that is required at the time of removal is a "plausible allegation" that the amount in controversy exceeds $75,000. *Dart Cherokee*, 574 U.S. at 89. In its notice of removal, Defendant discussed the fact that Plaintiffs were seeking $15,129 in medical expenses, plus treble damages under the CPA (up to $25,000) and treble damages under IFCA. ECF No. 1 at 3, ¶¶ 5-9. Defendant argued that the remainder of the jurisdictional threshold would be satisfied by the economic and non-economic damages in issue, plus attorney's fees. *Id.* at 3, ¶¶ 8-9. Because these allegations made it plausible that the amount in controversy exceeded the jurisdictional minimum, the Court does not find Defendant's notice of removal to be deficient.

Plaintiffs' second argument is also untenable. Plaintiffs maintain that their medical expenses—totaling $15,129—cannot be aggregated for purposes of evaluating the amount in controversy, including for trebling damages under the CPA and IFCA. ECF No. 7 at 6-7. Plaintiffs assert that their unpaid PIP benefits total approximately $5,000 per Plaintiff and therefore the sum in issue for each of

them falls well below the $75,000-plus required for this Court. However, the fact that Plaintiffs sustained separate injuries in the car crash does not mean that the damages in their joint action to enforce the terms of their insurance policy can be disaggregated.

Several cases from the Western District of Washington are illustrative of this point. In *Stanfield v. Metro. Cas. Ins. Co.*, No. C21-5092 BHS, 2021 WL 2155050 (W.D. Wash. May 27, 2021), and *Hougland v. Metro. Cas. Ins. Co.*, No. C21-5090 BHS, 2021 WL 2155049 (W.D. Wash. May 27, 2021), plaintiffs Stanfield and Houghland were insured under a shared automobile policy with Metropolitan Casualty Insurance Company. The policy provided $100,000 in uninsured motorist (UIM) coverage. 2021 WL 2155050 at *1. Following an accident and settlement with an at-fault uninsured motorist, plaintiffs sought their individual $100,000 policy limit from Metropolitan. *Id.* When Metropolitan refused to tender the full $100,000 each, plaintiffs filed a joint complaint in state court. *Id.* Metropolitan removed the case to the United States District Court for the Western District of Washington on the basis of diversity, at which point the plaintiffs voluntarily dismissed their complaint. *Id.* Later, plaintiffs refiled their claims in state court, albeit separately. *Id.* Metropolitan again removed on the basis of diversity in each case and sought to consolidate the two cases. *Id.* Plaintiffs opposed consolidation and moved for a remand. *Id.* In granting the plaintiffs'

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 9

motions for remand, the court explained: "Hougland and Stanfield have purposefully decided to bring separate claims. Hougland and Stanfield were previously united to enforce their rights under the UIM policy but chose to voluntarily dismiss and refile separately." *Id.* at *4. The court also distinguished the set of cases from *Ali v. Progressive Direct Ins. Co.*, No. C19-1015 RSM, 2019 WL 4565495 (W.D. Wash. Sep. 20, 2019), a case where two plaintiffs brought their separate automobile insurance claims together and the court concluded that aggregation was permissible, stating: "The Court cannot say that Houghland and Stanfield are united in litigation to enforce a single title or right in which they have a common undivided interest, unlike *Ali*. Their claims are therefore not aggregable to satisfy the amount in controversy." 2021 WL 2155050 at *4.

Like the plaintiffs in *Ali* and the claimants in the original, joint *Houghland* and *Stanfield* action, the Plaintiffs here brought a joint action seeking to enforce a single right to which they have a common and undivided interest: that is, the enforcement of their insurance policy. *Snyder*, 394 U.S. at 335. Accordingly, aggregation of their claims for purposes of calculating the amount in controversy is permissible.

Relatedly, Plaintiffs contend that even if aggregation is permissible in other circumstances, their claims for punitive damages under the CPA and IFCA cannot be aggregated for purposes of calculating the amount in controversy. ECF No. 7 at

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 10

1  3-4.  This contention also falls flat.  The Court agrees with Plaintiffs that damages

2  sought under IFCA and the CPA are punitive.  ECF No. 7 at 4-5.  Contrary to

3  Plaintiffs' assertions, however, punitive damages may be aggregated in actions

4  involving multiple Plaintiffs—the Ninth Circuit has only disaggregated punitive

5  damages in cases involving *class* actions.  *See, e.g.*, *Gibson*, 261 F.3d at 931 (9th

6  Cir. 2001) (case discussed by Plaintiffs which involved three state-law class

7  actions against Chrysler); *see also, e.g.*, *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d

8  541, 542 (9th Cir. 1985) (case discussed by Plaintiffs involving a class action filed

9  on behalf of a group of minority shareholders).  The purpose animating

10 disaggregation of punitive damages in class actions is to ensure that damages do

11 not "exceed constitutional limitations."  *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109,

12 1120-21 (9th Cir. 2022) ("[C]ourts . . . have grappled with the constitutionality of

13 statutory damages awards challenged in the aggregate where the award is

14 unusually high because of either the large number of violations at issue in a single

15 dispute or, most relevant to this case, the aggregation of damages in class action

16 litigation.").  The potential punitive damages are not so high against the single

17 Defendant in this case that they raise constitutional concerns, and no class of

18 policyholders has been certified.  *See* Fed. R. Civ. P. 23.  Therefore, aggregation of

19 Plaintiffs' CPA and IFCA claims is permissible.

20

Plaintiffs' third and fourth arguments are best addressed together. Broadly, Plaintiffs urge that Defendants' calculation of the amount in controversy is speculative, and that an award of attorney's fees cannot apply to the amount in controversy. *See* ECF Nos. 5 at 10-11; 7 at 4-5. Respecting Plaintiffs' argument that Defendants' calculation is based on conjecture, the Ninth Circuit has emphasized that parties "'need not predict the trier of fact's eventual award with one hundred percent accuracy.'" *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (quoting *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)); *see also Scott v. Cricket Commc'ns., LLC*, 865 F.3d 189, 196 (4th Cir. 2017) ("Estimating the amount in controversy is not nuclear science, as a removing defendant is somewhat constrained by the plaintiff. . . . In many cases, a defendant's allegations rely to some extent on reasonable estimates, inferences, and deductions."). Accordingly, a reasonable estimate may be accepted, so long as it is "more likely than not" that the amount in issue exceeds the jurisdictional threshold. *Sanchez*, 102 F.3d at 404.

Plaintiffs believe Defendant should not have relied on attorney's fees because of authority stating that "when a statute, such as RCW 48.30.015(1), calls for an award of attorneys' fees as part of court costs, rather than as part of damages, said attorneys' fees are not considered in determining . . . the jurisdictional minimum." ECF No. 7 at 7 (quoting *Vasquez v. Allstate Ins. Co.*,

No. CV-08-5027-LRS, 2008 WL 2518734, at *2 (E.D. Wash. June 20, 2008)). The Court respectfully disagrees with this authority. In more recent years, courts in the Ninth Circuit have allowed claims for statutory attorney's fees to apply to the jurisdictional minimum. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 889 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."); *see also, Kido as Trustee for Kido v. Transamerica Life Ins. Co.*, 2020 WL 428978 (W.D. Wash. Jan. 28, 2020) ("The amount in controversy may include not just actual damages, but also statutorily authorized treble damages and attorney fees.") (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)). The Court will therefore allow Defendant to rely upon statutory attorney's fees in calculating the amount of Plaintiffs' damages.

Plaintiffs provided a specific estimate of their medical expenses, totaling approximately $15,000, and Defendant used that value to estimate that treble damages under IFCA and the CPA totaled approximately $70,000, while also taking into account potential attorney's fees and other economic and non-economic damages. ECF No. 6 at 6. Under these circumstances, Defendant's reliance on Plaintiffs' complaint to approximate that the amount in controversy exceeded $75,000 was not unreasonable. *See also Bender v. USAA Gen. Indem. Co.*, C22-1765-JCC, 2023 WL 2326910, at *2 (W.D. Wash. Mar. 2, 2023) (holding that

where trebling of the estimated damages under the CPA and IFCA placed the amount in controversy at approximately $70,000 and plaintiffs made multiple CPA claims and sought attorney's fees, defendants had satisfied the amount in controversy requirement). Given these facts and taking into account that Plaintiffs failed to stipulate that they were seeking less than $75,000, the Court finds that Defendant has proven it is more than likely the amount in controversy exceeds the jurisdictional minimum.

Finally, Plaintiffs contest that removal is against the interests of judicial efficiency. Specifically, Plaintiffs allege that the Ninth Circuit has *sua sponte* remanded cases to state court due to jurisdictional defects and that if the Court does not order remand here then "this case could be litigated to virtual completion, only to have the entirety of the proceedings vacated on appeal for lack of subject matter jurisdiction." ECF No. 5 at 12. The Court respectfully disagrees.

To be clear, Plaintiffs are the "master[s] of [their] complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). It is within Plaintiffs' prerogative to dismiss this action and refile separately to avoid the exercise of this Court's jurisdiction if they so choose, or to amend their complaint and file a stipulation affirming that they are seeking $75,000 or less. *See, e.g.*, *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1050 (C.D. Cal. 2012) (extending the principle that a plaintiff may "plead to avoid federal jurisdiction" by only pleading state law

claims to the requirements of diversity jurisdiction). However, federal courts "'have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012) (quoting *Cohens v. Virginia*, 6 Wheat. 264, 404 (1821)). Where Defendant has successfully established that the parties are completely diverse and the amount in controversy exceeds $75,000, the Court will not deprive the parties of a federal forum.

II.  **Attorney's Fees**

Plaintiffs request an award of attorney's fees for the costs incurred in bringing this motion. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Because Plaintiffs did not prevail on their motion to remand, their associated request for attorney's fees is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Motion to Remand (ECF No. 5) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel. The file remains **OPEN**.

DATED February 14, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 15